**IT IS ORDERED**

**Date Entered on Docket: August 23, 2017**

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

WILLIAM P. VILLINES, and
DESIREE N. VILLINES,                    Case No. 17-11793-t7

    Debtors.

## DEFAULT ORDER GRANTING FIRST NEW MEXICO BANK RELIEF FROM STAY AND ABANDONMENT OF PERSONAL PROPERTY

This matter came before the Court on the Motion for Relief from Stay and to Abandon Property, filed on July 26, 2017, docket no. 11 (the "Motion") by Creditor, First New Mexico Bank ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)     On July 26, 2017, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

NM LF 362-3

(b)     The Motion relates to the following personal property:

2015 Jeep Wrangler (VIN 1C4BJWDG1FL693975);

2004 Kia Ole (VIN KNAGD126945270781); and

1999 Dodge RPC (VIN 1B7kF23Z8XJ568191) (the "Collateral").

(c)     The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on August 19, 2017;

(f)     As of August 21, 2017, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)     The Motion is well taken and should be granted as provided herein; and

(h)     By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on August 21, 2017, Jakub F. Sherman searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtors are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.     The automatic stay pursuant to 11 U.S.C. Section 362 is hereby modified to allow Movant to enforce all of its contract, state law, and/or other rights against the Collateral.

2.     The automatic stay is modified to permit the Movant, to the extent permitted by applicable non-bankruptcy law, to repossess the Collateral and otherwise enforce all its rights with regard to the Collateral, including any rights to sell the Collateral by judicial or non-judicial means and apply the proceeds therefrom to the obligation owed to Movant by the Debtor, and

doing whatever else may be necessary to preserve and conserve the Collateral. The automatic stay is further modified to the same extent in favor of all other persons claiming a lien against the Collateral.

3.      The Trustee is deemed to have abandoned the Collateral from the estate pursuant to 11 U.S.C. §554, and the Collateral no longer is property of the estate. Therefore, Movant need not name the Trustee as a defendant in any state court action it may pursue to with respect to the Collateral and need not notify the Trustee of any sale of the Collateral.

4.      The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Collateral in accordance with applicable non-bankruptcy law.

5.      This Order does not waive Movant's claim against the bankruptcy estate for any deficiency owed by the Debtor after disposition of the Collateral. Movant may filed an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Collateral.

6.      This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

7.      This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

### END OF ORDER ###

Submitted by:

<u>/s/ Jakub F. Sherman</u>
Attorney for Creditor
First New Mexico Bank

-3-

210 S. Silver
Deming, NM 88030
575-546-8846
Jakub33@gmail.com

Copies to:

William P. Villines
Desiree N. Villines
Debtors
PO Box 809
Bayard, NM 88023


Trey Arvizu
Attorney for Debtors
PO Box 1479
Las Cruces, NM 88004


Clarke C. Coll, Trustee
Trustee
P.O. Box 2288
Roswell, NM 88202-2288
(575) 623-2288
(575) 622-5853 fax

-4-